**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| SHLOMO (STEVE) KLEIN, Individually and on Behalf of All Others Similarly Situated, | **Case No.** |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, and MARK MURPHY, | |
| Defendants. | |

Plaintiff, Shlomo (Steve) Klein ("Plaintiff"), individually and on behalf of all others similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States ("U.S.") Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Micron Technology, Inc. ("Micron" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial, additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

**NATURE OF THE ACTION**

1.      This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired Micron common stock between September 28, 2023 and December 18, 2024, both dates inclusive (the "Class

Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.     Micron designs, develops, manufactures, and sells memory and storage products, including, *inter alia*, dynamic random access memory ("DRAM"), NAND, NOR, and high-bandwidth memory ("HBM") semiconductor devices.

3.     Micron's memory and storage products are sold in various markets, with sales reported across multiple of its business units.  These markets include those for consumer technologies such as personal computers ("PCs"), smartphones, tablets, cameras, and the like, as well as for commercial and industrial applications, such as in manufacturing environments and data centers.  Examples of memory and storage products for consumers include, *inter alia*, NAND flash memory devices, such as solid-state drive ("SSD") cards and flash drives.

4.     As Micron has noted in its regulatory filings, "[t]he memory and storage industry environment deteriorated sharply in the fourth quarter of 2022 and throughout 2023 due to weak demand in many end markets combined with global and macroeconomic challenges and lower demand resulting from customer actions to reduce inventory levels[,]" which "led to significant reductions in average selling prices for both DRAM and NAND and bit shipments for DRAM, resulting in declines in revenue across all [of Micron's] business segments and nearly all [of its] end markets."  Throughout the Class Period, however, Defendants repeatedly assured investors that demand for Micron's products, including its consumer-oriented and NAND products, was recovering, as well as assured investors that the Company was on track for record revenues in its

fiscal year 2025 as a result of the foregoing and, *inter alia*, artificial intelligence- ("AI") related tailwinds for its HBM products.

5.      Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) demand for Micron's products in consumer markets, especially the Company's NAND products, had significantly deteriorated; (ii) accordingly, Defendants had overstated the extent to which demand for Micron's products had recovered, particularly in consumer markets and for its NAND products, and/or had overstated the sustainability of demand for such products, as well as the normalization of inventory for such products; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.

6.      On December 18, 2024, Micron issued a press release announcing its financial results for the first quarter of its fiscal year 2025.[1]  Among other items, the Company reported a greater-than-expected revenue decline in NAND flash memory for the quarter.  Micron also issued disappointing guidance for the second quarter of its fiscal year 2025, including adjusted earnings between $1.33 and $1.53 per share, well below the $1.92 per share estimate; sales between $7.7 billion and $8.1 billion, with the midpoint well below the $8.99 billion estimate; and adjusted gross margins between 37.5% and 39.5%, well below the 41.3% estimate; citing weakness in the Company's consumer-oriented markets.

7.      The next day, multiple analysts lowered their price targets for Micron stock, citing the Company's disappointing guidance for the second quarter of its fiscal year 2025, while

---

[1] Micron's fiscal year typically ends in either August or September.

noting significant weakness in demand in its consumer markets, especially for its NAND products.

8.      Following these developments, Micron's stock price fell $16.81 per share, or 16.18%, to close at $87.09 per share on December 19, 2024.

9.      As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common stock, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

10.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act.

12.     Venue is proper in this District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b).  Plaintiff is a resident of this District, and a substantial part of the property that is the subject of this action is thus situated in this District.  Moreover, pursuant to Micron's most recent annual report on Form 10-K, as of September 27, 2024, there were over a billion shares of the Company's common stock outstanding.  Micron's common stock trades on the Nasdaq Global Select Market ("NASDAQ").  Accordingly, in addition to Plaintiff, there are presumably hundreds, if not thousands, of investors in Micron's common stock located in the U.S., some of whom, like Plaintiff, undoubtedly reside in this District.

13.     In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not

limited to, the mails, interstate telephone communications, and the facilities of the national securities markets.

## PARTIES

14.     Plaintiff, as set forth in the attached Certification, acquired Micron common stock at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.  Plaintiff resides in Palm Beach County, Florida, which is located in this District.

15.     Defendant Micron is a Delaware corporation with principal executive offices located at 8000 S. Federal Way, Boise, Idaho 83716-9632.  The Company's common stock trades in an efficient market on the NASDAQ under the ticker symbol "MU."

16.     Defendant Sanjay Mehrotra ("Mehrotra") has served as Micron's President, Chief Executive Officer, and a Director of the Company at all relevant times.  During the Class Period, Defendant Mehrotra sold 690,284 shares of Micron common stock for total proceeds of over $70 million.

17.     Defendant Mark Murphy ("Murphy") has served as Micron's Executive Vice President and Chief Financial Officer at all relevant times.

18.     Defendants Mehrotra and Murphy are collectively referred to herein as the "Individual Defendants."

19.     The Individual Defendants possessed the power and authority to control the contents of Micron's SEC filings, press releases, and other market communications.  The Individual Defendants were provided with copies of Micron's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected.  Because of their positions

with Micron, and their access to material information available to them but not to the public, the

Individual Defendants knew that the adverse facts specified herein had not been disclosed to and

were being concealed from the public, and that the positive representations being made were

then materially false and misleading.  The Individual Defendants are liable for the false

statements and omissions pleaded herein.

20.     Micron and the Individual Defendants are collectively referred to herein as

"Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

21.     Micron designs, develops, manufactures, and sells memory and storage products,

including, *inter alia*, DRAM, NAND, NOR, and HBM semiconductor devices.  Micron's

memory and storage products are sold in various markets, with sales reported across multiple of

its business units, including the Compute and Networking Business Unit ("CNBU"), Mobile

Business Unit ("MBU"), Embedded Business Unit ("EBU"), and Storage Business Unit

("SBU").

22.     Micron's DRAM products are semiconductor devices that have low latency that

provide high-speed data retrieval with a variety of performance characteristics.  DRAM products

lose content when power is turned off—*i.e.*, are "volatile"—and are mostly used in the data

center, client PC, graphics, industrial, and automotive markets.  The Company's HBM products

are a type of DRAM product that can achieve a higher bandwidth while consuming less power

compared to other memory types.  According to the Company, this makes HBM devices ideal for

applications that require high data throughput and energy efficiency, such as AI applications and

high-performance computing.

23.    NAND products are non-volatile, re-writeable semiconductor storage devices that provide high-capacity, low-cost storage with a variety of performance characteristics.  NAND is used in SSDs for the data center, client PC, consumer, automotive, and removable storage markets.

24.    NOR products are non-volatile, re-writable semiconductor memory devices that provide fast read speeds.  NOR is commonly used for reliable code storage and for frequently changing small data storage.

25.    Micron's sales in consumer markets include sales of various products by different business units of the Company.  For example, the Company's CNBU products are incorporated into gaming consoles and PC graphics cards; MBU products are incorporated into smartphones and other mobile devices; EBU products are incorporated into digital home assistants, video cameras, and home networking devices; and SBU products are incorporated into PCs.  Examples of memory and storage products for consumers include, *inter alia*, NAND flash memory devices, such as SSD cards and flash drives.

26.    As Micron has noted in its regulatory filings, "[t]he memory and storage industry environment deteriorated sharply in the fourth quarter of 2022 and throughout 2023 due to weak demand in many end markets combined with global and macroeconomic challenges and lower demand resulting from customer actions to reduce inventory levels[,]" which "led to significant reductions in average selling prices for both DRAM and NAND and bit shipments for DRAM, resulting in declines in revenue across all [of Micron's] business segments and nearly all [of its] end markets."  Throughout the Class Period, however, Defendants repeatedly assured investors that demand for Micron's products, including its consumer-oriented and NAND products, was recovering, as well as assured investors that the Company was on track for record revenues in its

fiscal year 2025 as a result of the foregoing and, *inter alia*, AI-related tailwinds for its HBM products.

**Materially False and Misleading Statements Issued During the Class Period**

27.    The Class Period begins on September 28, 2023, the day after Micron issued a press release during after-market hours announcing its fiscal fourth quarter and full year 2023 results.  The press release quoted Defendant Mehrotra as stating, in relevant part:

> During fiscal 2023, amid a challenging environment for the memory and storage industry, Micron sustained technology leadership, launched a significant number of leading-edge products, and took decisive actions on supply and cost . . . . ***Our 2023 performance positions us well as a market recovery takes shape in 2024, driven by increasing demand and disciplined supply. We look forward to record industry TAM [total addressable market] revenue in 2025 as AI proliferates from the data center to the edge.***

(Emphasis added.)

28.    On October 6, 2023, Micron filed an annual report on Form 10-K with the SEC, reporting the Company's financial and operating results for its fiscal fourth quarter and year ended August 31, 2023 (the "2023 10-K").   With respect to the purported overall recovery of demand for Micron's products, the 2023 10-K stated, in relevant part:

> ***Ongoing demand growth, customer inventory normalization, and industry-wide supply discipline have set the stage for increased revenue, and improved pricing and profitability throughout fiscal 2024.*** As a result, pricing trends have started to improve and there were no write downs of inventories to net realizable value in the fourth quarter of 2023.

(Emphasis added.)

29.    The 2023 10-K also stated, in relevant part, that "demand for DRAM and NAND is improving as customer inventory levels continue to normalize and secular growth drivers remain intact[.]"

30.    Appended as exhibits to the 2023 10-K were signed certifications pursuant to the

Sarbanes-Oxley Act of 2002 ("SOX"), wherein the Individual Defendants certified that the 2023

10-K "does not contain any untrue statement of a material fact or omit to state a material fact

necessary to make the statements made, in light of the circumstances under which such

statements were made, not misleading with respect to the period covered by this report"; and that

"the financial statements, and other financial information included in this report, fairly present in

all material respects the financial condition, results of operations, and cash flows of the

[Company] as of, and for, the periods presented in this report[.]"

31.    On December 21, 2023, Micron filed a quarterly report on Form 10-Q with the

SEC, reporting the Company's financial and operating results for the first quarter of its fiscal

year 2024 (the "1Q24 10-Q").  With respect to the purported overall recovery of demand for

Micron's products, the 1Q24 10-Q stated, in relevant part:

> *For the first quarter of 2024, improving demand growth driven in part by deployment of [AI], customer inventory normalization, and industry-wide supply discipline, resulted in an improved industry supply and demand balance.* As a result, we have experienced improvements in pricing and margins.

(Emphasis added.)

32.    The 1Q24 10-Q also stated, in relevant part, that "for the first quarter of 2024 as

compared to the fourth quarter of 2023 . . . MBU revenue increased 7% primarily due to

increases in average selling prices and NAND bit shipments, *driven by improved end market

demand*."  (Emphasis added.)

33.    Appended as exhibits to the 1Q24 10-Q were substantively the same SOX

certifications as referenced in ¶ 30, *supra*, signed by the Individual Defendants.

34.    On March 21, 2024, Micron filed a quarterly report on Form 10-Q with the SEC,

reporting the Company's financial and operating results for the second quarter of its fiscal year

2024 (the "2Q24 10-Q"). With respect to the purported overall recovery of demand for Micron's products, the 2Q24 10-Q stated, in relevant part:

> ***For the first six months of 2024, increasing demand growth, driven in part by deployment of [AI] and mostly normal customer inventories, combined with industry-wide supply discipline, resulted in an improved industry supply and demand balance.*** As a result, we have experienced improvements in pricing and margins in 2024.

(Emphasis added.)

35.     The 2Q24 10-Q also stated, in relevant part, that "for the second quarter of 2024 as compared to the first quarter of 2024 . . . SBU revenue increased 39% primarily due to increases in NAND average selling prices and bit shipments ***driven by strong demand across markets***" and that "CNBU, MBU, and SBU operating income (loss) improved primarily due to increases in average selling prices ***as a result of improving conditions across most markets***." (Emphases added.)

36.     Appended as exhibits to the 2Q24 10-Q were substantively the same SOX certifications as referenced in ¶ 30, *supra*, signed by the Individual Defendants.

37.     On June 26, 2024, Micron issued a press release announcing its results for the third quarter of its fiscal year 2024, which quoted Defendant Mehrotra as stating, in relevant part, that Micron is "well positioned to deliver a substantial revenue record in fiscal 2025."

38.     The next day, Micron filed a quarterly report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the third quarter of its fiscal year 2024 (the "3Q24 10-Q"). With respect to the purported overall recovery of demand for Micron's products, the 3Q24 10-Q stated, in relevant part:

> ***For the first nine months of 2024, increasing demand growth, driven in part by deployment of [AI] and mostly normal customer inventories, combined with industry-wide supply discipline, resulted in an improved industry supply and***

***demand balance.*** As a result, we have experienced improvements in pricing and margins in 2024.

(Emphasis added.)

39.    The 3Q24 10-Q also stated, in relevant part, that "[f]or the third quarter of 2024 as compared to the third quarter of 2023, CNBU, MBU, and SBU operating income (loss) improved primarily due to increases in average selling prices . . . and increases in bit sales a***s a result of improving conditions across most markets in 2024***"; and that "[f]or the first nine months of 2024 as compared to the first nine months of 2023, operating income (loss) improved for CNBU, MBU, and SBU primarily due to . . . increases in bit sales, and increases in MBU and SBU average selling prices ***as a result of improving conditions across most markets in 2024***."

(Emphases added.)

40.    Appended as exhibits to the 3Q24 10-Q were substantively the same SOX certifications as referenced in ¶ 30, *supra*, signed by the Individual Defendants.

41.    On September 25, 2024, Micron issued a press release announcing its fiscal fourth quarter and full year 2024 results, which quoted Defendant Mehrotra as stating, in relevant part:

> We are entering fiscal 2025 with the best competitive positioning in Micron's history. ***We forecast record revenue in fiscal Q1 and a substantial revenue record with significantly improved profitability in fiscal 2025.***

(Emphasis added.)

42.    On October 4, 2024, Micron filed an annual report on Form 10-K with the SEC, reporting the Company's financial and operating results for its fiscal fourth quarter and year ended August 29, 2024 (the "2024 10-K").  With respect to the purported overall recovery of demand for Micron's products, the 2024 10-K stated, in relevant part:

> Throughout 2024, we experienced substantial improvements in pricing and margins. ***Increasing demand growth, driven in part by deployment of AI and mostly normal customer inventories, combined with industry-wide supply***

*discipline, resulted in an industry supply and demand balance that substantially improved from 2023 conditions.* We executed well on pricing and improved our financial performance significantly from the start of the year. We are exiting the year with excellent momentum and an industry-leading product portfolio.

(Emphasis added.)

43.     With specific respect to the purported recovery of demand for Micron's MBU products, including consumer products, the 2024 10-K stated, in relevant part:

*The proliferation of smartphones, tablets, and other mobile devices continues to increase the demand for memory chips.* These devices require high-performance memory to support various applications, from gaming to productivity. Smartphones offer tremendous potential for personalized AI capabilities that offer greater security and responsiveness when executed on the device. Enabling these on-device AI capabilities *is driving increased memory and storage capacity needs and increasing demand for new value-add solutions*.

(Emphases added.)

44.     Appended as exhibits to the 2024 10-K were substantively the same SOX certifications as referenced in ¶ 30, *supra*, signed by the Individual Defendants.

45.     The statements referenced in ¶¶ 27-44 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) demand for Micron's products in consumer markets, especially the Company's NAND products, had significantly deteriorated; (ii) accordingly, Defendants had overstated the extent to which demand for Micron's products had recovered, particularly in consumer markets and for its NAND products, and/or had overstated the sustainability of demand for such products, as well as the normalization of inventory for such products; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.

46.     In addition, Defendants violated Item 303 of SEC Regulation S-K, 17 C.F.R. §
229.303(b)(2)(ii) ("Item 303"), which required Micron to "[d]escribe any known trends or
uncertainties that have had or that are reasonably likely to have a material favorable or
unfavorable impact on net sales or revenues or income from continuing operations."
Defendants' failures to disclose, *inter alia*, that demand for Micron's products in consumer
markets, especially the Company's NAND products, had significantly deteriorated, violated Item
303 because these issues represented known trends or uncertainties that were likely to have a
material unfavorable impact on the Company's business and financial results.

## The Truth Emerges

47.     On December 18, 2024, Micron issued a press release announcing its financial
results for the first quarter of its fiscal year 2025 (the "1Q25 Earnings Release").  Among other
items, the Company reported a greater-than-expected revenue decline in NAND flash memory
for the quarter, as well as issued disappointing guidance for the second quarter of its fiscal year
2025, including adjusted earnings between $1.33 and $1.53 per share, well below the $1.92 per
share estimate; sales between $7.7 billion and $8.1 billion, with the midpoint well below the
$8.99 billion estimate; and adjusted gross margins between 37.5% and 39.5%, well below the
41.3% estimate.  In addition, Defendant Mehrotra, as quoted in the 1Q25 Earnings Release,
disclosed that "consumer-oriented markets are weaker in the near term[.]"

48.     The next day, multiple analysts lowered their price targets for Micron stock, citing
the Company's disappointing guidance for the second quarter of its fiscal year 2025, while
noting significant weakness in demand in its consumer markets, especially for its NAND
products.  For example, in reducing its price target from $135 to $125, UBS wrote that Micron's
fiscal second quarter 2025 "[g]uidance was below even the most bearish bogeys . . . with the

company citing ongoing malaise in consumer markets - especially PC - which is hurting the

NAND business in particular."  Similarly, in reducing its price target to $110 from $125 and

downgrading Micron stock to a "Neutral" rating from a "Buy" rating, Bank of America wrote

that "weakness in PC and phone markets are putting downward pressure on memory pricing,

especially in NAND."  Likewise, in reducing its price target to $98 from $114, Morgan Stanley

wrote that "NAND weakness [had] take[n] its toll[,]" noting that "Micron guided revenue below

expectations driven mostly by revenue decline in NAND[,]" that "NAND will drive most of the

revenue decline in February, which implies a sequential decline of about 20% in revenue[,]" and

that "Micron has very clearly decided that NAND is oversupplied, cutting capex, cutting back on

wafer starts by about 15%, and preparing for a sustained period of weak demand."

49.     Following the 1Q25 Earnings Release and reduced-price targets issued by

analysts for Micron stock, the Company's stock price fell $16.81 per share, or 16.18%, to close

at $87.09 per share on December 19, 2024.

50.     As a result of Defendants' wrongful acts and omissions, and the precipitous

decline in the market value of the Company's common stock, Plaintiff and other Class members

have suffered significant losses and damages.

## SCIENTER ALLEGATIONS

51.     During the Class Period, Defendants had both the motive and opportunity to

commit fraud.  For example, during the Class Period, while disseminating the materially false

and misleading statements alleged herein to maintain artificially inflated prices for Micron's

common stock, Defendant Mehrotra enriched himself by tens-of-millions of dollars by selling

690,284 shares of Micron common stock for total proceeds of over $70 million.

52.    Defendants also had actual knowledge of the misleading nature of the statements they made, or acted in reckless disregard of the true information known to them at the time. Micron's recovery from the sharply deteriorated memory and storage industry environment that occurred in the fourth quarter of 2022 and throughout 2023 due to weak demand was of particular importance to Defendants and Micron investors.  Accordingly, as exemplified by Defendants' materially false and misleading statements made during the Class Period as alleged herein, Defendants fed a narrative of ongoing recovery in demand for Micron's products, as well as promised record performance results in the Company's fiscal year 2025, to investors in an effort to maintain artificially high prices for the Company's common stock price.  In so doing, Defendants participated in a scheme to defraud and committed acts, practices, and participated in a course of business that operated as a fraud or deceit on purchasers of the Company's common stock during the Class Period.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

53.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Micron common stock during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures.  Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

54.    The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Micron common stock was actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and

can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds

or thousands of members in the proposed Class.  Record owners and other members of the Class

may be identified from records maintained by Micron or its transfer agent and may be notified of

the pendency of this action by mail, using the form of notice similar to that customarily used in

securities class actions.

55.    Plaintiff's claims are typical of the claims of the members of the Class as all

members of the Class are similarly affected by Defendants' wrongful conduct in violation of

federal law that is complained of herein.

56.    Plaintiff will fairly and adequately protect the interests of the members of the

Class and has retained counsel competent and experienced in class and securities litigation.

Plaintiff has no interests antagonistic to or in conflict with those of the Class.

57.    Common questions of law and fact exist as to all members of the Class and

predominate over any questions solely affecting individual members of the Class.  Among the

questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Micron;

- whether the Individual Defendants caused Micron to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Micron common stock during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

16

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

58.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

59.    Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Micron common stock is traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's common stock; and

- Plaintiff and members of the Class purchased, acquired and/or sold Micron common stock between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

60.    Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

61.    Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State*

*of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)

62.    Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

63.    This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

64.    During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of Micron common stock.  Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Micron common stock; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Micron common stock at artificially inflated prices.  In furtherance of this unlawful scheme, plan, and course of conduct, Defendants, and each of them, took the actions set forth herein.

65.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the
Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly
and annual reports, SEC filings, press releases and other statements and documents described
above, including statements made to securities analysts and the media that were designed to
influence the market for Micron common stock.  Such reports, filings, releases, and statements
were materially false and misleading in that they failed to disclose material adverse information
and misrepresented the truth about Micron's finances and business prospects.

66.      By virtue of their positions at Micron, Defendants had actual knowledge of the
materially false and misleading statements and material omissions alleged herein and intended
thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants
acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose
such facts as would reveal the materially false and misleading nature of the statements made,
although such facts were readily available to Defendants.  Said acts and omissions of Defendants
were committed willfully or with reckless disregard for the truth.  In addition, each Defendant
knew or recklessly disregarded that material facts were being misrepresented or omitted as
described above.

67.     Information showing that Defendants acted knowingly or with reckless disregard
for the truth is peculiarly within Defendants' knowledge and control.  As the senior managers
and/or directors of Micron, the Individual Defendants had knowledge of the details of Micron's
internal affairs.

68.     The Individual Defendants are liable both directly and indirectly for the wrongs
complained of herein.  Because of their positions of control and authority, the Individual
Defendants were able to and did, directly or indirectly, control the content of the statements of

Micron.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Micron's businesses, operations, future financial condition and future prospects.  As a result of the dissemination of the aforementioned false and misleading reports, releases, and public statements, the market price of Micron common stock was artificially inflated throughout the Class Period.  In ignorance of the adverse facts concerning Micron's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Micron common stock at artificially inflated prices and relied upon the price of the common stock, the integrity of the market for the common stock, and/or upon statements disseminated by Defendants, and were damaged thereby.

69.    During the Class Period, Micron common stock traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Micron common stock at prices artificially inflated by Defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said common stock, or would not have purchased or otherwise acquired the common stock at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Micron common stock was substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of Micron common stock declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

70.     By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

71.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions, and sales of the Company's common stock during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements and information to the investing public.

## COUNT II

**(Violations of Section 20(a) of the Exchange Act Against the Individual Defendants)**

72.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

73.     During the Class Period, the Individual Defendants participated in the operation and management of Micron, and conducted and participated, directly and indirectly, in the conduct of Micron's business affairs.  Because of their senior positions, they knew the adverse non-public information about Micron's false financial statements.

74.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Micron's financial condition and results of operations, and to correct promptly any public statements issued by Micron which had become materially false or misleading.

75.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases, and public filings which Micron disseminated in the marketplace during the Class

Period concerning Micron's results of operations.  Throughout the Class Period, the Individual

Defendants exercised their power and authority to cause Micron to engage in the wrongful acts

complained of herein. The Individual Defendants, therefore, were "controlling persons" of

Micron within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they

participated in the unlawful conduct alleged which artificially inflated the market price of

Micron common stock.

76.     Each of the Individual Defendants, therefore, acted as a controlling person of

Micron.  By reason of their senior management positions and/or being directors of Micron, each

of the Individual Defendants had the power to direct the actions of, and exercised the same to

cause, Micron to engage in the unlawful acts and conduct complained of herein.  Each of the

Individual Defendants exercised control over the general operations of Micron and possessed the

power to control the specific activities which comprise the primary violations about which

Plaintiff and the other members of the Class complain.

77.     By reason of the above conduct, the Individual Defendants are liable pursuant to

Section 20(a) of the Exchange Act for the violations committed by Micron.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under

Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class

representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by

reason of the acts and transactions alleged herein;

C.      Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.      Awarding such other and further relief as this Court may deem just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demands a trial by jury.

Dated: January 9, 2025                              Respectfully submitted,

**MILLER SHAH LLP**

By: */s/ Jayne A. Goldstein*
Jayne A. Goldstein
Nathan C. Zipperian
2103 N. Commerce Parkway
Ft. Lauderdale, FL 33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367
jagoldstein@millershah.com
nczipperian@millershah.com

**POMERANTZ LLP**
James M. LoPiano
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jlopiano@pomlaw.com

*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT
## <u>TO FEDERAL SECURITIES LAWS</u>

1.      I, \_\_\_Shlomo (Steve) Klein_____, make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.      I have reviewed a Complaint against Micron Technology, Inc. ("Micron") and authorize the filing of a comparable complaint on my behalf.

3.      I did not purchase or acquire Micron securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.      I am willing to serve as a representative party on behalf of a Class of investors who purchased or otherwise acquired Micron securities during the Class Period as specified in the Complaint, including providing testimony at deposition and trial, if necessary.  I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.      The attached sheet lists all of my transactions in Micron securities during the Class Period as specified in the Complaint.

6.      During the three-year period preceding the date on which this Certification is signed, I have not served or sought to serve as a representative party on behalf of a class under the federal securities laws.

7.      I agree not to accept any payment for serving as a representative party on behalf of the Class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Executed 12/24/2024**
              **(Date)**

_____
              **(Signature)**

Shlomo (Steve) Klein
              **(Type or Print Name)**

**Micron Technology, Inc. (MU)**                                                    **Shlomo (Steve) Klein**

### List of Purchases/Acquisitions and Sales

| Transaction Type | Date | Number of Shares/Unit | Price Per Share/Unit |
|---|---|---|---|
| Purchase/Acquisition | 4/4/2024 | 50 | $129.2500 |
| Purchase/Acquisition | 4/4/2024 | 20 | $129.9900 |
| Purchase/Acquisition | 4/5/2024 | 5 | $123.2200 |
| Sale | 7/2/2024 | (25) | $132.4900 |