UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80040-CV-MIDDLEBROOKS

SHLOMO (STEVE) KLEIN, Individually and
on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

MICRON TECHNOLOGY, INC., SANJAY
MEHROTRA, and MARK MURPHY,

      Defendants.

_____/

## ORDER ON MOTIONS TO APPOINT LEAD PLAINTIFF

**THIS CAUSE** is before the Court on three Motions to Appoint Lead Plaintiff, filed on March 10, 2025. (DE 20; DE 21; DE 22). The Motions, filed by three distinct sets of Plaintiffs—Kevin D. Long, Zane Bianucci, and the Micron Investor Group (comprised of Morris Zelikovsky, Ronald Timms, and David A. Milman) ("Movants")—are made pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The statute requires the Court to appoint as Lead Plaintiff the plaintiff that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). All Movants to the instant Motions believe themselves to be the most adequate plaintiff in this matter, and seek to be appointed Lead Plaintiff.

On review, I will deny the three Motions without prejudice, as they are facially deficient for at least two reasons. First, none of the Movants have conferred with opposing counsel or one another, as required by Local Rule 7.1. S.D. Fla. Local Rule 7.1(a)(3). The Rule requires conferral

with "all parties or non-parties who may be affected by the relief sought" in a "good faith effort to resolve by agreement the issues to be raised in the motion." *Id.* As the competing Movants plainly seek to become Lead Plaintiff at the expense of one another, they each "may be affected" by the relief sought in the instant Motions. Consequently, the Movants must confer prior to refiling their requests, in the hopes that they may determine amongst themselves who is best situated to represent the class as Lead Plaintiff without intervention from this Court. I note that several Movants claim such conferral was impossible, as it was unclear who may be moving for appointment as Lead Plaintiff before the deadline to do so had passed. (DE 20 at 2; DE 22 at 14). Although I question why Movants could not have uncovered the identity of competing movants within the sixty days afforded to them, now that the Motions have been filed, Movants are aware of one another's identity, and may accordingly confer and refile.

Second, and to the extent the Movants are unable to reach a conclusion amongst themselves, the instant Motions do not supply adequate guidance on how to select a Lead Plaintiff from competing candidates. Aside from the general qualifications set under the PSLRA, each Motion supplies justification for the appointment of the respective Movant. However, as each Movant claims to be compliant with Federal Rule 23 and asserts a significant financial interest in the outcome of this matter, the Motions' supporting memorandums of law fail to brief the issue of selection between numerous, qualified candidates. The Motions are thus deficient in "citing supporting authorities" that justify the relief sought. S.D. Fla. Local Rule 7.1(a)(1).

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) The Motions (DE 20; DE 21: DE 22) are **DENIED WITHOUT PREJUDICE.**

(2) The Parties may file a renewed motion to appoint a Lead Plaintiff **on or by March 21, 2025.**

(3) Any renewed motion must be filed in accordance with all federal and local rules. To the extent multiple competing motions to appoint Lead Plaintiff are filed, each motion must set forth specific grounds and authorities justifying the appointment of the movant to the exclusion of other candidates for Lead Plaintiff.

**SIGNED** in Chambers at West Palm Beach, Florida, this 12 day of March, 2025.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:    Counsel of Record