**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:25-cv-80040-DMM

| | |
|---|---|
| SHLOMO (STEVE) KLEIN, Individually and on Behalf of All Others Similarly Situated, | <u>CLASS ACTION</u> |
| Plaintiff, | |
| v. | |
| MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, and MARK MURPHY, | |
| Defendants. | |

**KEVIN D. LONG'S PARTIAL OPPOSITION TO THE COMPETING MOTIONS FOR**
**<u>MOTION FOR LEAD PLAINTIFF</u>**

**PRELIMINARY STATEMENT**

Kevin D. Long ("Mr. Long") does not oppose the competing motion for appointment as lead plaintiff and approval of selection of lead counsel made by Morris Zelikovsky, Ronald Timms, and David A. Milman (collectively, the "Micron Investor Group") in the above-captioned action (the "Action"). Mr. Long, however, does oppose all other motions in the scenario that the Court does not grant the Micron Investor Group's motion. As explained below, Mr. Long recognizes that the Micron Investor Group has the "largest financial interest" in the outcome of the litigation and, having reviewed his motion, believes that it satisfies the adequacy and typicality requirements under Federal Rule of Civil Procedure 23. Therefore, Mr. Long respectfully submits that the Micron Investor Group is the presumptive lead plaintiff and its motion should be granted. Notwithstanding, if for any reason the Court were to deny the Micron Investor Group's motion, then Mr. Long would be the next "most adequate plaintiff" to serve as lead plaintiff and his motion should be granted in its entirety.

**ARGUMENT**

On March 10, 2025, Mr. Long timely filed a motion for appointment as lead plaintiff and approval of selection of counsel, stating that he suffered approximately $232,857.69 pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), in financial losses in connection with his purchase of Micron Technology, Inc. ("Micron" or the "Company") common stock between September 28, 2023 and December 18, 2024, both dates inclusive (the "Class Period"). Two other motions for appointment as lead plaintiff and approval of selection of counsel were filed by other putative class members in the Action: (i) Morris Zelikovsky, Ronald Timms, and David A. Milman (collectively, the "Micron Investor Group") (ECF No. 22), and (ii) Zane

Bianucci (ECF No. 21)[1]..

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides a presumption that the "most adequate plaintiff" to represent the interests of class members is the person or group that has "the largest financial interest in the relief sought by the class." and is otherwise adequate and typical within the meaning of Rule 23. 15 U.S.C. § 78u–4(a)(3)(B)(i) and (iii)(I)(bb)-(cc). If the "most adequate plaintiff" does not meet the typicality and adequacy requirements of Rule 23, the Court "should then identify the movant with the next largest loss, consider whether that movant satisfies Rule 23's requirements, and repeat this process until a presumptive lead plaintiff is identified." *In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001).

Based upon a review of the competing motions and supporting papers provided by the other movants seeking appointment as lead plaintiff, it appears that, while Mr. Long is well-qualified to serve as Lead Plaintiff in the Action, he does not possess the "largest financial interest in the relief sought by the class" as required by the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Rather, the Micron Investor Group, with a claimed loss of $1,116,748.00, possesses the largest financial interest of any movant, and therefore should be appointed lead plaintiff.

Should the Court find that the Micron Investor Group does not meet the requirements of Rule 23, Mr. Long respectfully submits that he is the next "most adequate plaintiff" as he has the second largest loss out of all movants and otherwise meets the typicality and adequacy requirements. *Cendant*, 264 F.3d at 267.

---

[1] On March 13, 2025, movant Zane Bianucci filed a notice of non-opposition, stating that he "appears to lack the largest financial interest of the lead plaintiff movants and, thus, does not oppose the competing motions for lead plaintiff." *See* ECF No. 23.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| **Micron Investor Group** | 68,655 | 40,077 | $4,928,203.19 | $1,116,748.00 |
| Morris Zelikovsky | 37,902 | 19,152 | $2,394,870.52 | $573,427.96 |
| Ronald Timms | 9,053 | 8725 | $1,246,140.73 | $416,164.01 |
| David A. Milman | 21,700 | 12,200 | $1,287,191.94 | $126,916.29 |
| **Kevin D. Long** | 5,000 | 5,000 | $708,350.00 | $232,857.69 |
| **Zane Bianucci** | 7,080 | 5,080 | $664,672.00 | $193,889.66 |

*See* ECF Nos. 20-4; 22-3; and 21-1.

As demonstrated in the chart above, Mr. Long lost $232,857.69, or nearly $40,000 more, than the closest competing movant, Zane Bianucci.

Mr. Long also satisfies the typicality and adequacy prongs of Rule 23. Typicality exists where the claims of the representative parties "arise from the same event or practice or course of conduct that gives rise to the claims of the class members and are based on the same legal theory." *Ferrari v. Gisch*, 225 F.R.D. 599 at 606 (C.D. Cal. 2004). (internal quotations removed). Mr. Long's claims are typical of those of other Class members because, like other Class members, he acquired Micron common stock during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. Moreover, Mr. Long's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.

To satisfy the adequacy requirement at this stage of the proceedings, Mr. Long must make a preliminary showing that his interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between his interests and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). Mr. Long has no conflicts with other Class Members, nor is there evidence of

any antagonism between Mr. Long's interest and those of the Class.

Finally, Mr. Long has further demonstrated his adequacy by submitting a declaration in support of his Motion, attesting that he is ready, willing, and able to oversee this litigation. In the declaration, Mr. Long provided his education, employment, and years of investing experience. *See* ECF No. 20-6. Mr. Long considers himself to be a sophisticated investor, having been investing in the stock market for 30 years. *Id*. He resides in Sacramento, California, and possesses a Bachelor of Science in Civil Engineering. *Id*. Mr. Long is currently employed as senior water resource control engineer at the Division of Water Right, State Water Resources Control Board. *Id*. Mr. Long has experience overseeing attorneys, as he has hired attorneys for real estate and estate planning matters. *Id*. Further, in his certification and declaration, Mr. Long states his familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* ECF Nos. 20-3; 20-6 (PSLRA Certification & Mr. Long Declaration).

### CONCLUSION

Regardless of the outcome of the pending motions, Mr. Long reserves all rights to participate in the class action and in no way waives his right to share in any recovery obtained for the benefit of the class. Mr. Long expressly reserves his ability to serve as lead plaintiff should the need arise if Mr. Barker's motion is denied.

[*Signature blocks on following page*]

4

Dated: March 24, 2025

Respectfully submitted,

*/s/ Cullin O'Brien*
Cullin O'Brien
Florida Bar No. 0597341
CULLIN O'BRIEN LAW, P.A.
6541 NE 21st Way
Fort Lauderdale, Florida 33308
Tel: (561) 676-6370
Fax: (561) 320-0285
E-mail: cullin@cullinobrienlaw.com

*Proposed Liaison Counsel for Kevin D. Long and the Class*

Adam M. Apton (*pro hac vice* forthcoming)
LEVI & KORSINSKY, LLP
55 Broadway, 4th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Proposed Counsel for Kevin D. Long and the Class*

**CERTIFICATE OF SERVICE**

I HEREBY certify that on March 24, 2025, I electronically filed the foregoing document

with the Clerk of the Court CM/ECF.


> */s/ Cullin O'Brien*
> Cullin O'Brien