**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-80040-CV-MIDDLEBROOKS

|  |
|---|
| IN RE MICRON TECHNOLOGY, INC. SECURITIES LITIGATION |
| THIS DOCUMENT RELATES TO: ALL ACTIONS |

CLASS ACTION

**JOINT MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

**MOTION**

Pursuant to 28 U.S.C. § 1404(a) and Local Rule 7.1, Defendants Micron Technology, Inc. ("Micron" or the "Company"), Sanjay Mehrotra, Micron's Chief Executive Officer ("CEO"), and Mark Murphy, Micron's Chief Financial Officer ("CFO"), and Lead Plaintiffs Morris Zelikovsky, Ronald Timms, and David A. Milman (collectively, the "Micron Investor Group" or "Lead Plaintiffs") (all collectively, the "Parties"), hereby jointly move to transfer this action to the United States District Court for the District of Idaho, for the convenience of the parties and witnesses and in the interests of justice.

**MEMORANDUM OF LAW**

**INTRODUCTION**

The Parties jointly seek to transfer this action, and any subsequently filed related actions, to the District of Idaho. This lawsuit is a putative federal securities class action against Micron, a leading provider of memory and storage solutions, and its CEO and CFO (the "Individual Defendants"). Micron is incorporated in Delaware and headquartered in Boise, Idaho. The alleged misstatements in Micron's press releases and SEC filings on which this action is based were published or filed from Micron's Boise, Idaho headquarters or San Jose, California office, and the underlying issues—financial reporting, financial and product demand projections, and the drafting of SEC filings—were handled from Micron's offices in Idaho and California. Naturally, the vast majority of witnesses will be found in Idaho and California, including the Individual Defendants: Micron's CEO is based in the Company's San Jose, California office; its CFO is based at corporate headquarters in Boise, Idaho. None of the underlying events occurred in Florida and none of the likely witnesses reside in Florida. The only connection to Florida is the original plaintiff's choice of forum, which is given less deference in class actions. Regardless, the Court-appointed Lead

Plaintiffs (ECF No. 35) now steering this case agree that this case belongs in the District of Idaho and are movants herein.  Put simply, there is little connection to the State of Florida or this District. The Court should grant the motion and transfer the action to the District of Idaho.

**BACKGROUND**

*Micron.*  Micron is an industry leader providing innovative memory and storage solutions, committed to transforming how the world uses technology to enrich life for all.  DeWitt Decl. ¶ 5.[1]  Micron is incorporated in Delaware and headquartered in Boise, Idaho.  Compl. ¶ 15; DeWitt Decl. ¶ 6.  Out of Micron's approximately 51,600 employees worldwide, approximately 9,775 are based in the United States.  De Witt Decl. ¶ 7.  The largest group of U.S. employees, approximately 6,230, are based in Micron's Boise, Idaho headquarters.  *Id*.  Among those employees based in Boise, Idaho is Micron's CFO.  *Id*.  Approximately 1,180 employees are based in San Jose, California, including the Company's CEO.  *Id*.

Micron does not maintain any offices or facilities in Florida.  *Id.* ¶ 8.  It only employs three remote employees in Florida, who are involved in Human Resources, Supply Chain, and Sales functions, and are not involved in the drafting or issuance of the Company's financial results, financial or product demand projections, public statements, or SEC filings.  *Id*.  None of the three are likely witnesses in the case.  No member of Micron's CEO Staff, or executive management team, is based in Florida.  *Id*.  No relevant corporate documents or records are maintained in Florida.  *Id*.  None of the operative facts alleged in the Complaint occurred in Florida.  *Id*.

---

[1] Declaration of Joe DeWitt in Support of Joint Motion to Transfer Venue ("DeWitt Decl."), concurrently filed herewith.  Citations to "Comp." or "Complaint" are to paragraphs of the Class Action Complaint filed in *Klein v. Micron Technology, Inc.*, No. 9:25-cv-80040-DMM (S.D. Fla. Jan. 9, 2025) (ECF No. 1).

Micron's press releases and SEC filings, including the press releases and filings alleged in the Complaint to contain misstatements, are published or filed from Micron's Boise, Idaho headquarters or San Jose, California. *Id.* ¶ 9. Micron's business records and documents relating to its press releases, SEC filings, and quarterly earnings calls are electronically stored in the Cloud and are accessible from Micron's headquarters in Idaho. *Id.* ¶ 10. The team members responsible for Micron's SEC reporting, financial reporting, financial and product demand projections, and investor relations are largely based in Boise, Idaho and San Jose, California. *Id.* ¶ 11.

***The Complaint.*** The initial complaint in this putative securities class action was filed on January 9, 2025. ECF No. 1. On March 25, 2025, the Court appointed the Micron Investor Group as Lead Plaintiffs in this action. ECF No. 35. Lead Plaintiffs intend to file an amended complaint, which will likely include at least the same alleged misstatements pled in the initial Complaint. The Complaint alleges that certain of Micron's press releases and SEC filings misrepresented the demand for Micron's products during the Class Period. Compl. ¶¶ 4, 27-29, 31-32, 34-35, 37-39, 41-43, 45. The press releases and SEC filings challenged in the Complaint issued from the Company's corporate headquarters in Boise, Idaho or San Jose, California. DeWitt Decl. ¶ 9. The Complaint further alleges that Defendants promised record revenues in Micron's fiscal year 2025 (Compl. ¶¶ 4, 27, 41, 52), but later reported a greater-than-expected revenue decline in certain product categories for the first quarter 2025 and issued "disappointing guidance" for the next quarter. *Id.* ¶ 47. The team members responsible for the Company's financial reporting, financial and product demand projections, and investors relations are based in Boise, Idaho and San Jose, California. DeWitt Decl. ¶ 11.

Importantly, the Complaint only mentions Florida once, in alleging the residency of Mr. Klein.  Compl. ¶ 14.  Mr. Klein did not seek to be, and has not been appointed as, a lead plaintiff in this action.

***Idaho Shareholder Derivative Actions.***  After the Complaint was filed, two shareholder derivative actions were filed in the United States District Court for the District of Idaho against the same Individual Defendants named in this case (among others), based on the same or substantially the same alleged statements in the Complaint.  *See Maxwell v. Mehrotra, et al.*, Case No. 1:25-cv-00092-BLW (D. Idaho February 20, 2025); *Silva v. Mehrotra, et al.*, Case No. 1:25-cv-00096-BLW (D. Idaho February 21, 2025).  Those actions are currently pending in that District.

## I.    THE APPLICABLE TRANSFER STANDARDS

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C § 1404(a).  The purpose of § 1404(a) is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense'" through an "individualized, case-by-case consideration of convenience and fairness."  *Van Dusen v. Barrack*, 376 U.S. 612, 616, 622 (1964) (citation omitted).

Courts engage in a two-step analysis under § 1404(a).  The court first determines whether the action could have been brought in the transferee venue, and second, whether the convenience of the parties and witnesses and the interests of justice weigh in favor of transfer.  *See Balloveras v. Purdue Pharma Co.*, 2004 WL 1202854, at *1 (S.D. Fla. May 19, 2004); *Moghaddam v. Dunkin Donuts, Inc.*, 2002 WL 1940724, at *2 (S.D. Fla. Aug. 13, 2002).  The Eleventh Circuit considers nine factors under the second step:  "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the

parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

## II.    THE DISTRICT OF IDAHO IS A PROPER FORUM

This action could have been brought in the District of Idaho. Where a plaintiff alleges claims under the Securities Exchange Act of 1934, venue is available in any district "wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa. Micron's corporate headquarters is in Boise, Idaho. DeWitt Decl. ¶ 6. Therefore, venue is proper in the District of Idaho. *See*, *e.g.*, *Culp v. Gainsco, Inc.*, 2004 WL 2300426, at *4 (S.D. Fla. Oct. 1, 2004) (finding venue proper in Northern District of Texas where defendant's headquarters were located); *Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003) (holding action could have been brought in the district where defendant's principal place of business was located).

## III.    THE INTERESTS OF JUSTICE AND CONVENIENCE OF THE PARTIES AND WITNESSES STRONGLY FAVOR TRANSFER TO THE DISTRICT OF IDAHO

The totality of the § 1404(a) factors strongly weigh in favor of transfer to the District of Idaho.

### A.    The Convenience of Witnesses Favors Transfer to the District of Idaho

"The convenience of non-party witnesses is an important, if not the most important, factor" in the transfer analysis. *Cellularvision Tech. & Telecomms., L.P. v. Cellco P'ship*, 2006 WL 2871858, at *3 (S.D. Fla. Sept. 12, 2006); *see Sunscreen Mist Holdings, LLC v. Snappyscreen, Inc.*, 2019 WL 8405208, at *3 (S.D. Fla. Feb. 11, 2019) ("the convenience of the witnesses, is 'the

-5-

single most important factor in transfer analysis'") (citation omitted). This factor favors transfer in this case.

Here, the vast majority of likely witnesses are in Boise, Idaho, with others in San Jose, California. That is because the challenged statements in the press releases and SEC filings alleged in the Complaint were published or filed by Micron from its Boise, Idaho headquarters or San Jose, California. DeWitt Decl. ¶ 9. And the Micron team members responsible for SEC reporting, financial reporting, financial and product demand projections, and investor relations are based largely in Boise, Idaho and San Jose, California. *Id.* ¶ 11. There are no likely witnesses in Florida. *Id*. ¶ 8. Under these circumstances, transfer to Idaho is warranted. *See, e.g.*, *Toomey v. Ripple Labs, Inc.*, 2021 WL 12306727, at *3 (M.D. Fla. Aug. 20, 2021) (transferring securities case; "California will be more convenient for the witnesses who will most likely be [company] employees or related to the [company's] operation located in California"); *EcoServices, LLC v. Certified Aviation Servs., LLC*, 2016 WL 4433169, at *3 (S.D. Fla. Aug. 22, 2016) (transferring action to California where defendant's headquarters were and likely witnesses worked, and no witnesses in Southern District of Florida were identified); *Phillips v. Churchill Capital Corp. IV*, 2021 WL 11628687, at *2-3 (N.D. Ala. Dec. 1, 2021) (transferring securities class action to the district where corporate defendants' headquarters, executives, employees and some of the individual parties resided).

### B.    The Location of Documents and Access to Sources of Proof Favor Transfer to the District of Idaho

Transfer to the District of Idaho also would ease access to sources of proof. Here, Micron's business records and documents relating to the challenged statements are electronically stored in the Cloud and are accessible from the Company's headquarters in Boise, Idaho. DeWitt Decl. ¶ 10. In contrast, no relevant corporate documents or records are maintained in Florida and Micron

has no office in Florida.  *Id.* ¶ 8; *see Phillips*, 2021 WL 11628687, at \*2 (transferring securities case where "the parties have identified no relevant documents that are located in Alabama").  Thus, this factor tilts in favor of transfer to the District of Idaho.  *See*, *e.g.*, *Culp*, 2004 WL 2300426, at \*6-7 (transferring securities case to Texas where documents were located in Miami, Fort Worth, and at defendant's Dallas headquarters, and where the press releases and SEC filings were created in Fort Worth and Dallas); *Kadel v. Flood*, 2008 WL 11319455, at \*4-5 (S.D. Fla. Apr. 4, 2008) (transferring securities case to Georgia where majority of documents were at defendant's Georgia headquarters).

C. **The Convenience of the Parties Favors Transfer to the District of Idaho**

The convenience of the parties is a compelling factor in favor of transfer because "trials in securities class actions focus almost entirely on defendants' conduct."  *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 402 (S.D.N.Y. 1998).  In actions where the "focus [is] on the activities of the alleged [wrongdoer], its employees, and its documents . . . the location of the alleged [wrongdoer's] principal place of business is often the critical and controlling consideration in adjudicating transfer of venue motions."  *Trace-Wilco, Inc. v. Symantec Corp.*, 2009 WL 455432, at \*3 (S.D. Fla. Feb. 23, 2009) (citation omitted).  Here, this factor favors transfer to the District of Idaho because Micron's headquarters is in Idaho, the majority of Defendants are located in Idaho, and the Micron team members responsible for SEC reporting, financial reporting, financial and product demand projections, and investor relations—the likely witnesses in this case—are largely based in Boise, Idaho and San Jose, California.  DeWitt Decl. ¶¶ 6-7, 9-11; *see*, *e.g.*, *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1300 (S.D. Fla. 2002) (finding Missouri the more convenient forum for the parties because defendants' principal places of businesses were in Missouri).

### D.      The Locus of Operative Facts Favors Transfer to the District of Idaho

Transfer to the District of Idaho would move the case to the locus of operative facts alleged in the Complaint.  To determine the locus of operative facts, "courts look to where the events from which the claim arises occurred."  *Elite Advantage, LLC v. Trivest Fund, IV, L.P.*, 2015 WL 4982997, at *12 (S.D. Fla. Aug. 21, 2015) (citation omitted).  In a securities action, the alleged misrepresentations "are deemed to 'occur' in the district where they are transmitted or withheld, not where they were received."  *Huntley v. Chicago Bd. of Options Exchange*, 132 F. Supp. 3d 1370, 1374 (N.D. Ga. 2015) (citation omitted); *see Phillips*, 2021 WL 11628687, at *3 (transferring securities case; locus of operative facts occurred in California where the alleged misrepresentations and decisions relating to the underlying facts were made, even though some of the conduct may had occurred in New York); *Retterath v. Homeland Energy Solutions, LLC*, 2014 WL 1515522, at *12-13 (S.D. Fla. Apr. 17, 2014) (transferring securities case; the alleged misrepresentations "originat[ed] in Iowa"); *Kadel*, 2008 WL 11319455, at *4-5 (transferring securities case to the forum of the corporate defendant's headquarters, where the alleged misrepresentations "were formulated and executed").

Here, the press releases and SEC filings alleged to contain misstatements were published or filed from Micron's Boise, Idaho headquarters or San Jose, California office, and the team members responsible for those statements are based in Boise, Idaho and San Jose, California. DeWitt Decl. ¶¶ 9, 11.  By contrast, none of the purported misstatements emanated from Florida.[2]

---

[2] That Micron stock may have been purchased in Florida "is not relevant since [stock] can be purchased anywhere."  *Amaya v. Victoria's Secret Stores, LLC*, 2009 WL 10667492, at *4 (S.D. Fla. Jul. 31, 2009).  Moreover, that some unnamed Florida-based class members might have read or heard the alleged misrepresentations does not undermine the strong connection this case has to Idaho.  *See Phillips*, 2021 WL 11628687, at *3 (that some class members may have heard or read the alleged misrepresentations in Alabama did not preclude transfer to California).

### E.    The Availability of Process Is a Non-Factor

Transfer of a case is supported where no potentially unwilling witness has been identified and thus, "the availability of process to compel the attendance of unwilling witnesses is a non-issue."  *MSP Recovery Claims, Series LLC v. Wesco Ins. Co.*, 2021 WL 1043892, at *6 (S.D. Fla. Feb. 4, 2021). (citation omitted).    Here, Defendants are currently unaware of any potential witnesses who would refuse to testify at a trial in the District of Idaho.  DeWitt Decl. ¶ 12.  This is therefore a non-factor in the transfer analysis.

### F.    The Relative Means of the Parties Is a Non-Factor

The Parties agree that their relative means is a non-factor in this case.

### G.    The Familiarity of the Courts With Applicable Law Is a Non-Factor

Familiarity with applicable law is a non-factor here because federal law governs this matter (Compl. ¶¶ 10, 63, 77) and federal courts "are equally familiar with federal law[.]"  *Elite Advantage*, 2015 WL 4982997, at *13; *see Sunscreen Mist*, 2019 WL 8405208, at *4 (similar).

### H.    Plaintiffs' Choice of Forum Has Little Weight, But Favors Transfer to the District of Idaho

"[A] plaintiff's choice of forum will be afforded less deference where, as here, the action is a class action."  *Moghaddam*, 2002 WL 190724, at *2; *see Amaya*, 2009 WL 10667492, at *3-4 ("courts have consistently held that a class representative's choice of forum is entitled to substantially less deference"); *Balloveras*, 2004 WL 1202854, at *1 (plaintiff's choice of forum is given less deference "where the suit is a class action").  Deference is further undercut "where the operative facts underlying the action occurred outside the district in which the action is brought."  *Balloveras*, 2004 WL 1202854, at *1-2 (transferring to New York; the only connection to Florida was that plaintiff was a Florida resident); *see Amaya*, 2009 WL 10667492, at *4 ("[W]hen the operative facts underlying the cause of action did not occur within the forum chosen by the

plaintiff, the choice of forum is entitled to less consideration.") (citation omitted); *Moghaddam*, 2002 WL 190724, at *3 (similar).

Both situations exist here. This case is a class action. And none of the operative facts in this case occurred in Florida. *See* Section D, *supra;* DeWitt Decl. ¶ 8. To the extent a plaintiff's preferred forum is entitled to deference, the appointed Lead Plaintiffs here agree that this case belongs in the District of Idaho and are movants herein. *See Phillips*, 2021 WL 11628687, at *3 (deferring to the lead plaintiffs' choice of forum over the original plaintiff's choice).

## I.    The Interests of Justice and Judicial Efficiency and Economy Favor Transfer to the District of Idaho

The interests of justice and judicial efficiency and economy favor transfer to the District of Idaho. "[F]ederal courts hold that the federal district in which a company is headquartered has a ***unique and compelling interest*** in adjudicating claims relating to that company." *Amaya*, 2009 WL 10667492, at *5 (emphasis added); *see EcoServices*, 2016 WL 4433169, at *4 ("Defendants' home forum is located in the [transferee district], which provides that forum with a significant interest in the instant action") (citation omitted). That is, states have a great interest "in policing the actions of its resident corporations." *Kadel*, 2008 WL 11319455, at *5.

This case has no connection to Florida. Because the alleged misstatements largely emanated from Micron's Boise, Idaho headquarters or San Jose, California office, and potential witnesses are based in those same locations, transferring this case to Idaho would promote the public interest. *See Moghaddam*, 2002 WL 1940724, at *5 (transferring class action to Massachusetts would promote the public interest because Massachusetts was the location of the defendant's principal place of business, of many of the witnesses, and where the alleged wrongdoing occurred); *see also Kadel*, 2008 WL 11319455, at *5 (similar; transferring securities case).

Transfer would also serve judicial efficiency and economy as there are two shareholder derivative actions currently pending in the District of Idaho against the Individual Defendants based on the same underlying facts alleged in the Complaint.  Cases involving the same issues that are "simultaneously pending in different District Courts lead[] to a wastefulness of time, energy, and money that §1404(a) was designed to prevent."  *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (citation omitted).

## CONCLUSION

For the reasons set forth above, the Parties respectfully request that this Court transfer this action, and any subsequently filed related actions, to the District of Idaho.

Dated April 1, 2025                                          Respectfully submitted,

By:  */s/ Betty Chang Rowe*
Betty Chang Rowe
(Florida State Bar No. 0003239)
browe@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA  94304-1050
Telephone:  (650) 493-9300

Gregory L. Watts (admitted *pro hac vice*)
gwatts@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Telephone:  (866) 974-7329

*Attorneys for Defendants Micron Technology, Inc.,
Sanjay Mehrotra, and Mark Murphy*

By:  */s/ Jeremy A. Lieberman*
Jeremy A. Lieberman (admitted *pro hac vice*)
James M. LoPiano (admitted *pro hac vice*)
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY  10016
Telephone:  (212) 661-1100

-11-

-12-

jaliebrman@pomlaw.com
jlopiano@pomlaw.com

Phillip Kim (*pro hac vice* application pending)
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY  10016
Telephone:  (212) 686-1060
philkim@rosenlegal.com

*Attorneys for Lead Plaintiffs*