**HOLLAND & HART, LLP**
Erik F. Stidham
A. Dean Bennett
800 W. Main Street, Suite 1750
Boise, ID  83702-7714
Telephone:  (208) 342-5000
efstidham@hollandhart.com
adbennett@hollandhart.com

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
Gregory L. Watts (admitted *pro hac vice*)
701 Fifth Avenue, Suite 5100
Seattle, WA  98014
Telephone: (206) 883-2500
gwatts@wsgr.com

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
Ignacio E. Salceda (admitted *pro hac vice*)
Betty Chang Rowe (admitted *pro hac vice*)
650 Page Mill Road
Palo Alto, CA  94304-1050
Telephone: (650) 493-9300
isalceda@wsgr.com
browe@wsgr.com

*Attorneys for Defendants Micron Technology,
Inc., Sanjay Mehrotra, and Mark Murphy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re: MICRON TECHNOLOGY, INC. SECURITIES LITIGATION | Case No. 1:25-cv-00191-BLW |
| | **DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE AND NOTICE OF INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT** |
| THIS DOCUMENT RELATES TO: *All Actions.* | |

Defendants Micron Technology, Inc. ("Micron" or the "Company"), Sanjay Mehrotra, and Mark Murphy ("Defendants") hereby respectfully request that the Court consider certain documents incorporated by reference in Plaintiffs' Amended Class Action Complaint ("Complaint" or "¶") and judicially notice certain documents submitted in further support of Defendants' Motion to Dismiss the Amended Class Action Complaint ("Motion to Dismiss").[1] True and correct copies of the documents described herein are attached as exhibits ("Ex.") to the Supplemental Declaration of Betty C. Rowe.

## ARGUMENT

The Supreme Court has directed that a court, in ruling on a motion to dismiss a securities fraud complaint, "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see Loomis as Tr. of Lost Creek Tr. v. United States*, 642 F. Supp. 3d 1199, 1208 (D. Idaho 2022) (same), *aff'd sub nom. Loomis as Tr. of Lost Creek Tr. v. United States Internal Revenue Serv.*, 2024 WL 2826226 (9th Cir. June 4, 2024). Accordingly, Defendants submit for the Court's consideration a Micron press release filed with the Securities and Exchange Commission ("SEC") on September 23, 2025 and a chart of Micron's stock prices. The press release is incorporated by reference into the Complaint, and both documents are properly subject to judicial notice. Consideration of these documents under both doctrines is appropriate on a motion to dismiss.

## I. THE COURT SHOULD CONSIDER THE FULL TEXT OF DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT

The Ninth Circuit has reaffirmed that on a motion to dismiss, the Court is permitted to consider a document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *see City of Marysville*

---

[1] Defendants filed an initial Request for Judicial Notice with their filing of the Motion to Dismiss (ECF No. 60-2), which Plaintiffs did not oppose.

*Gen. Emps. Ret. Sys. v. NightHawk Radiology Holdings, Inc.*, 2011 WL 4584778, at \*4 (D. Idaho Sept. 12, 2011) (on motion to dismiss, court may consider, *inter alia*, "documents relied upon but not attached to the complaint when authenticity is not contested"); *In re Atlas Mining Co., Sec. Litig.*, 2010 WL 11534527, at \*12 (D. Idaho Sept. 1, 2010) ("*Atlas II*") ("Incorporation by reference requires a court to consider documents that were referenced in the complaint."). Incorporation by reference extends to "situations in which the plaintiff's claim depends on the contents of a document . . . even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (considering webpage content that was "not allege[d] or describe[d]" in the complaint under the doctrine of incorporation by reference, where the material provided "context" supporting defamation claim and the authenticity of the material was not disputed).

The Court "may assume [an incorporated  document's] contents are true for purposes of a motion to dismiss[.]" *Id.* at 1003 (alterations in original); *see In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1057-58 n.10 (9th Cir. 2014) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties – and the Court – are free to refer to any of its contents.") (citation omitted).  And, to the extent an incorporated document contradicts a plaintiff's conclusory allegations, the Court need not accept those allegations as true. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint").

Courts have considered a variety of documents under the incorporation-by-reference doctrine, including SEC filings, press releases, transcripts of earning calls and investor conferences, and analyst reports. *Orexigen*, 899 F.3d at 1003-07 (district court properly considered analyst report, blog posts, internet and other articles, agency report and registration statement under incorporation-by-reference doctrine).

The Complaint is premised on the allegation that Defendants misleadingly predicted the Company's fiscal year 2025 performance as a record year.  Complaint ¶¶ 5, 8, 62, 64, 65, 83, 86,

100-103, 112, 124, 125, 128, 129, 135, 142, 143, 153-157, 164, 165, 182.  The Company's actual 2025 financial performance and the press release reporting the Company's 2025 financial results "form[] the basis of the plaintiff's claim."  *Orexigen*, 899 F.3d at 1002 (citation omitted).  The Complaint therefore incorporates the Company's press release reporting its actual 2025 fiscal year performance, which is central to the claims of the Complaint, and the Court may consider the full text of the incorporated document.  *See Stac Elecs.*, 89 F.3d at 1405 n.4.  This is so even when Plaintiffs do not allege the contents of the specific press release where, as here, "plaintiff's claim depends on the contents of [this] document."  *Knievel*, 393 F.3d at 1076.

Defendants therefore request that the Court consider the following document, which the Complaint necessarily relies on, and which forms the basis of Plaintiffs' claims:

> Exhibit 18    Micron's Press Release, Exhibit 99.1 to Form 8-K filed with the SEC on September 23, 2025, pertaining to allegations in the Complaint ¶¶ 5, 8, 62, 64, 65, 83, 86, 100-103, 112, 124, 125, 128, 129, 135, 142, 143, 153-157, 164, 165, 182.

This document also may be judicially noticed by the Court, as discussed below.

## II.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF MICRON'S SEC FILINGS AND STOCK PRICE HISTORY

Courts may judicially notice a fact "that is not subject to reasonable dispute because it is generally known ... or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see Orexigen*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)); *Loomis*, 642 F. Supp. 3d at 1208.  The Court may consider such facts "'at any stage of the proceeding,'" "without converting the [dismissal] motion into one for summary judgment."  *In re Altas Mining Co., Sec. Litig.*, 670 F. Supp. 2d 1128, 1139 (D. Idaho 2009) ("*Atlas I*") (quoting Fed. R. Evid. 201(d)); *see Orexigen*, 899 F.3d at 999 ("[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.") (citation omitted); *City of Marysville*, 2011 WL 4584778, at *4 (on motion to dismiss, court may consider "matters of which the Court takes judicial notice").

**SEC Filing.**  Courts routinely take judicial notice of filings with the SEC in the context of motions to dismiss.  *See, e.g.*, *Metzler Inv. GmbH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (finding that district court's judicial notice of "a number of Corinthian's SEC filings . . . was proper"); *Altas I*, 670 F. Supp. 2d at 1139 ("Public documents that are required to be filed and are actually filed with the Securities Exchange Commission may be judicially noticed when deciding a motion to dismiss, even if the filings are not cited in the complaint."). Courts may consider SEC filings, even if the SEC filings were made after the complaint was filed. *See Atlas I*, 670 F. Supp. 2d at 1139 (taking judicial notice of Form 8-K filed after the filing of amended complaint "because it is a public filing"). Judicial notice is appropriate for SEC filings as they are "capable of immediate and accurate determination by resort to easily accessible sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(b) (Notes to Decisions). When taking judicial notice, "[a] court must also consider – and identify – which fact or facts it is noticing[.]"  *Orexigen*, 899 F.3d at 999.

Here, Micron's press release attached as an exhibit to its Form 8-K is a public record filed with the SEC.  The press release shows Micron's specific disclosures relating to the Company, its financial results in each quarter of fiscal year 2025 and 2025 annual financial results.  *See Wanca v. Super Micro Comput., Inc.*, 2018 WL 3145649, at *4 (N.D. Cal. June 27, 2018) (taking judicial notice of "the fact the [SEC filings] impart particular information").  That Micron made these disclosures is not subject to reasonable dispute and can be accurately and readily determined from a source whose accuracy cannot reasonably be questioned (*i.e.*, filings with the SEC).  *See* Fed. R. Evid. 201(b).

Accordingly, Defendants request that the Court take judicial notice of the following SEC filing by Micron:

Exhibit 18    Micron's Press Release, Exhibit 99.1 to Form 8-K filed with the SEC on September 23, 2025.

**Stock Price.** The Court may properly take notice of the "reported stock price history and other publicly available financial documents." *Metzler*, 540 F.3d at 1064 n.7. Accordingly, Defendants request that the Court take judicial notice of Micron's historical stock prices:

Exhibit 19    Micron's stock prices from March 28, 2023, through October 2, 2025.[2]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider and judicially notice the above-referenced documents in connection with their Reply in Support of their Motion to Dismiss.

Dated: October 3, 2025                    Respectfully submitted,


**HOLLAND & HART LLP**

*/s/ Erik F. Stidham*
Erik F. Stidham (ISB #5483)
Zachery J. McCraney (ISB #11552)

**WILSON SONSINI GOODRICH & ROSATI, P.A.**
Gregory L. Watts (admitted *pro hac vice*)
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
gwatts@wsgr.com

**WILSON SONSINI GOODRICH & ROSATI, P.A.**
Ignacio E. Salceda (admitted *pro hac vice*)
Betty Chang Rowe (admitted *pro hac vice*)
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
isalceda@wsgr.com
browe@wsgr.com

*Attorneys for Defendants Micron Technology, Inc., Sanjay Mehrotra, and Mark Murphy*

---

[2] Defendants previously submitted a chart of Micron's stock prices from March 28 through July 8, 2025, as Exhibit 15. *See* ECF 60-18. Exhibit 19 extends that chart through October 2, 2025.